## Fields v. Reeves, Com'r of Revenue.

November 28, 1950.

W. B. Ardery, Judge.

Wilbur Fields for appellant.

A. E. Funk, Attorney General, Hal O. Williams, Assistant Attorney General, for appellee.

JUDGE HELM—Affirming.

Appellant, Basil Vernon Fields, appealed from a ruling of the Division of Income Taxation, Department of Revenue, to the Kentucky Tax Commission, claiming that he was exempt from income taxation by the State of Kentucky "on pay he has received as a retired officer in the United States Army."

The Division of Income Taxation had held that retirement pay received pursuant to the provisions of the third paragraph of Section 15 of the Act of June 16, 1942, Chapter 413, Public Law 607—77th Congress, as set out in 37 U.S.C.A. sec. 115, does not come within the provisions of KRS 141.080 (11), and is, therefore, subject to Kentucky income tax. The Kentucky Tax Commission sustained the ruling of the Income Tax Division.

Within 15 days, the time provided by KRS 131.120 (1), appellant filed an appeal in the Franklin Circuit Court on May 6, 1949, naming H. Clyde Reeves, Commissioner of Revenue, Commonwealth of Kentucky, as defendant. Summons was served upon H. Clyde Reeves, Commissioner of Revenue. On September 7, 1949, the defendant, H. Clyde Reeves, Commissioner of Revenue, Commonwealth of Kentucky, demurred specially to the petition because:

"The court has no jurisdiction of the defendant or of the subject matter for the following reasons: That the appeal herein was from an order of the Kentucky Tax Commission, composed of H. Clyde Reeves, Commissioner of Revenue, ex officio a member of the Kentucky Tax Commission, Jess B. Thomas, Associate Member, and at the time of the order complained of, Robert A. Thompson, Associate Commissioner, now resigned; that the Kentucky Tax Commission is an official statutory body with power to sue and be sued and that it is the body corporate or government entity to which assessments by the Department of Revenue are appealed by taxpayers who feel aggrieved, and in turn its order may be appealed from to the Franklin Circuit Court, as provided in subsection (2) of KRS 131.110; that the Commissioner of Revenue is without authority to entertain an appeal from an administrative officer's assessment, and that he is without jurisdiction to enter an order overruling or sustaining such an assessment, the sole jurisdiction being in the Kentucky Tax Commission; that the only proper parties defendant to this appeal are the Kentucky Tax Commission and its component members.

"That there is, further, a defect of parties defendant for the reasons above set out."

On May 20, 1950, appellant filed an amended peti-

tion naming Jess B. Thomas, Robert A. Thompson, and the defendant, H. Clyde Reeves, constituting the Kentucky Tax Commission, as parties defendant. On June 17, 1950, defendants H. Clyde Reeves, as Commissioner of Revenue, and Jess B. Thomas, Robert A. Thompson, and H. Clyde Reeves, constituting the Kentucky Tax Commission, filed their "answer and special demurrer to the jurisdiction of the court" on the ground that appellant failed to file an appeal from the above order of the Kentucky Tax Commission within 15 days, the time allowed for perfecting such appeal as provided by KRS 131.120; that inasmuch as no appeal was taken from the action of the Kentucky Tax Commission within the time provided, the court did not have jurisdiction of the appeal.

The court sustained the special demurrer. Appellant declined to plead further. Upon motion of appellee, the petition as amended was dismissed. The amount being less than $500, appellant has filed his motion for appeal in this court.

One of the functions of the Kentucky Tax Commission, as provided by KRS 131.090, is to hear and determine appeals from findings by the Department, and to review local assessments. KRS 131.110 provides for protest against assessment by the Department of Revenue, and for appeals to the Kentucky Tax Commission. KRS 131.120 provides for appeals from the Kentucky Tax Commission to the Franklin Circuit Court. KRS 131.125(1) provides: "Unless otherwise specifically provided by law, no appeal from or review of any tax assessment, ruling, order or finding of the Department of Revenue or of the Kentucky Tax Commission shall be allowed except in the manner and subject to the conditions as provided in KRS 131.110 and 131.120."

We are constrained to hold that the finding of the trial court is correct.

The judgment is affirmed.